Christina L. Henry, WSBA# 31273
chenry@hdm-legal.com
Henry & DeGraaff, PS
150 Nickerson St, Ste 311
Seattle, WA 98109
Tel# 206-330-0595
Fax: +1-206-400-7609

The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| HUGO MACIAS TORRES aka HUGO MACIAS,<br><br>    Plaintiff,<br><br>v.<br><br>SN SERVICING CORPORATION, and NP162, LLC.<br><br>    Defendant | Case No.: 18-CV-00380-TSZ<br><br>**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>NOTE ON MOTION CALENDAR:<br><br>**May 18, 2018** |

COMES NOW, Plaintiff Hugo Macias Torres, aka Hugo Macias ("Macias"), through counsel, brings a Motion to Strike Affirmative Defenses of Defendants SN Servicing Corporation and NP162, LLC as follows:

## I.    INTRODUCTION

Plaintiff brought a Complaint to Quiet Title under Wash. Rev. Code 7.28.300 to real property encumbered by a deed of trust securing a loan of at least $145,945. In Defendants' Answer, filed in this Court on April 10, 2018, fifteen (15) alleged affirmative defenses are pled. Because Defendants have failed to provide a factual or legal basis for these defenses, all of them should be stricken under FRCP 12(f).

PLAINTIFF'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES - 1

**HENRY & DEGRAAFF, P.S.**
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

By bringing this motion (with leave to amend where appropriate), Plaintiffs are not pursuing form over function. Rather, Plaintiffs simply wish to be apprised of Defendants' defenses, and seeks to limit the future expenditure of resources incurred through discovery.[1] Plaintiffs should not be required to conduct extensive discovery just to learn who, for example, the alleged third party is that is the actual alleged "cause" of Plaintiffs' damages.

Plaintiffs respectfully request this Court strike Defendants SN Servicing Corporation and NP162, LLC's affirmative defenses, with leave to amend if Defendants can articulate the basis for their affirmative defenses. To the extent Defendants have asserted facts or defenses which do not constitute "affirmative defenses," Plaintiff respectfully requests these be stricken without leave to amend.

## II. FACTS

Plaintiff Hugo Macias Torres ("Macias") is the owner in fee simple by statutory warranty deed recorded on September 13, 2001 under Snohomish County Assessor's No. 00397900001100, of real property located at 5309 190th St S, Lynnwood, WA 98036 (the "Macias Property"). On April 2, 2007, Mr. Macias conveyed a deed of trust on the Property to Mortgage Electronic Registration Systems, Inc., as a nominee of the lender EquiFirst Corporation, to secure payment of a promissory note to EquiFirst Corporation in the amount of $67,000. SN Servicing became the servicer for the Second Deed of Trust on December 19, 2016 when it acquired the Deed from Sortis Financial, Inc. ("Sortis"), which had serviced it since 2009. At the time that Sortis acquired the loan, the outstanding principal balance was

---

[1] Plaintiff would prefer to minimize costs and fees by not having to conduct discovery on matters which should have been properly pleaded and explained by Equifax. Indeed, as stated below, the Ninth Circuit has acknowledged that the purpose of Rule 12(f) motions is to avoid spending time and money on these types of issues.

PLAINTIFF'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES - 2

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

$66,789.94, and was due for the May 1, 2008 payment. By successive assignment recorded under Snohomish County Assessor's No. 201707140096, NP 162, LLC is the successor in interest to EquiFirst Corporation, and the current beneficiary on the Second Deed of Trust. Mr. Macias has made no payments on the debts secured by the Second Deed of Trust since prior to the September 30, 2009 bankruptcy filing. Under Washington law, promissory notes and deeds of trust securing such notes are subject to a six-year statute of limitations. Wash. Rev. Code 4.16.040; *Westar Funding v. Sorrels*, 157 Wash. App. 777, 784, 239 P.3d 1109 (Wash. App. Div. 2, 2010). When an action to foreclose on a deed of trust is barred by the statute of limitations, Wash. Rev. Code 7.28.300 authorizes the record owner to bring a quiet title action to clear the deed of trust. *Westar*, 157 Wash. App at 785.

Defendants assert fifteen (15) affirmative defenses in their Answer, which Plaintiff now moves to strike pursuant to Fed. R. Civ. P. 12(f). Dkt #8.

### III. LAW AND ARGUMENT

#### A. Legal Standard: Fed. R. Civ. P. 12(f) Motions to Strike

Fed.R.Civ.P. 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted).

Such motions to strike are appropriate where a party has insufficiently pleaded its affirmative defenses such that the Plaintiff is not placed on fair notice of the facts underlying the defense. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (articulating "fair notice" standard); *Manning v. Swedish Med. Ctr.*, 2015 WL 12696168 (W.D. Wash. Sept. 23, 2015).

#### B. Pleading Affirmative Defenses

PLAINTIFF'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES - 3

**HENRY & DEGRAAFF, P.S.**
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

Affirmative defenses are not simply placeholders for a potential future defense. By definition, "[a]ffirmative defenses plead matters extraneous to plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F.Supp. 259, 262 (E.D.Cal. 1987). "An affirmative defense may be insufficient as a matter of pleading or as a matter of law." *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 467 (S.D. Cal. 2013). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Id*.

For example, while a statute-of-limitations defense is a recognized affirmative defense, pleading only that the Plaintiff's claims are "barred by the applicable statute of limitations" is insufficient and is properly stricken under Rule 12(f). *Kohler*, 291 F.R.D. at 470. Similarly, other assertions or arguments which seek to negate any portion of a plaintiff's claims are properly stricken, for they are, by definition, not affirmative defenses. *See*, *e.g.*, *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

**C. Improper or Unsupported Affirmative Defenses Should Be Stricken**

Courts routinely grant Rule 12(f) motions to strike where a party asserts, as "affirmative defenses," statements which provide no factual basis, no legal basis, or do not otherwise constitute a proper affirmative defense. *See Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D.Cal. 2004) (assertion that claims were "barred from recovery in whole or in part by the doctrines of waiver, estoppel, and unclean hands" were insufficient and properly stricken); *Barnes v. AT & T Pension Ben. Plan–Nonbargained Program*, 718 F.Supp.2d 1167, 1174 (N.D.Cal. 2010) (striking seventeen (17) affirmative defenses under Rule 12(f)).

Again, Rule 12(f) exists to streamline the case and avoid litigating "non-issues," which

PLAINTIFF'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES - 4

**Henry & DeGraaff, P.S.**
150 Nickerson St, Ste 311
Seattle, Washington 98109
telephone (206) 330-0595
fax (206) 400-7609

ultimately benefits all parties by minimizing additional time and money being spent on issues which may be dispensed with early in the case. *See Whittlestone, Inc.*, 618 F.3d at 973. Here, many of Genesis' "affirmative defenses" are not properly asserted or otherwise have no factual support, and should be stricken or re-pleaded.

### D. <u>Motion to Strike</u>

Defendants now assert fifteen (15) affirmative defenses, many of which do not constitute an affirmative defense or are otherwise devoid of any meaningful factual assertions. Dkt #8. Plaintiff moves to strike these "affirmative defenses," with leave to amend where appropriate.

An affirmative defense, like any affirmative claim, has elements which must be proven by the party asserting the defense. An "affirmative defense" like "failure to state a claim" has no elements to be affirmatively proven, and thus conducting discovery on such a "defense" would be self-defeating and confusing. Therefore, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Several of Defendants' purported affirmative defenses fail on this basis.

Other affirmative defenses of Defendants fail to pass muster under Fed. R. Civ. P. 8(b), failing to give the requisite "fair notice" to Plaintiffs as to the nature of the supposed defense. *Wyshak v. City Nat'l Bank*, 607 F.2d at 827 (discussing "fair notice" standard). This concept was well-articulated by Judge Ware of the Northern District of California:

> [Defendant] eHelp alleges, based on information and belief, that [plaintiff] must be 'barred from recovery in whole or in part' by the doctrines of waiver, estoppel, and unclean hands. eHelp does not specify what the defense is – whether it is asserting a single type of estoppel or several types of estoppel such as prosecution history estoppel, equitable estoppel, or some other type of estoppel. As such, eHelp does not provide fair notice of its affirmative defenses…

PLAINTIFF'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES - 5

> A reference to a doctrine, like a reference to statutory provisions, is insufficient notice… Furthermore, eHelp's affirmative defenses do not set forth the elements of the defense… Because eHelp simply refers to the doctrines without setting forth the elements of its affirmative defenses, eHelp does not provide "fair notice" of its defenses… eHelp also fails to allege the factual basis for its affirmative defenses.

*Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049-50 (N.D.Cal. 2004) (citations omitted). A defendant alleging affirmative defenses need not plead with particularity by any means, but it is insufficient to simply refer to a legal doctrine and offer no other facts.[2]

At their core, affirmative defenses plead matters outside of a plaintiff's claims – defenses which seek to simply negate elements of a plaintiff's claim are not affirmative defenses.

1. <u>"Lack of personal or subject matter jurisdiction. " (dkt #8 at Page 3 Line 12).</u>

Although Defendants fail to state which jurisdiction (personal or subject matter) is lacking and why, these are defenses under CR 12(b)(1) and (2) which must be raised by motion prior to filing an Answer; axiomatically they cannot form the basis of an Answer. CR 12(b) ("A motion making any of these defenses shall be made before pleading.") As there was no such motion, this is not a proper "affirmative defense" and must be stricken.

2. <u>"Contributory, gross, and/or comparative negligence." (dkt # 8 at Page 3 line 13)</u>

---

[2] Although it does not appear that the Ninth Circuit has reached the issue, many district courts apply the heightened *Iqbal/Twombly* standards to any affirmative claim – including affirmative defenses. *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 928 (N.D. Cal. 2012) ("Most courts have held that the *Iqbal/Twombly* pleading standards apply to affirmative defenses, such that they must state a plausible claim for relief."); *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) ("The court can see no reason why the same principles applied to pleading claims should not apply to the pleading of affirmative defenses which are also governed by Rule 8."); *Powertech Tech., Inc. v. Tessera, Inc.*, 2012 WL 1746848, at *4 (N.D. Cal. May 16, 2012) (collecting cases).

PLAINTIFF'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES - 6

**HENRY & DEGRAAFF, P.S.**
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

Plaintiff has not alleged Negligence in his Complaint. The basis of this "affirmative defense" is puzzling, since the only cause of action is Quiet Title, and Defendants have not alleged any conduct by any party that could conceivably serve as a defense to the simple factual basis on which to Quiet Title. This statement, much like the statements that follow it, is devoid of all context, factual allegations, or indication that the list is anything other than a boilerplate recitation of uncertainty and imprecision.[3]

3. "Contributory, wanton and willful misconduct." (dkt #8 at Page 3 line 14)

Again, this statement is devoid of all context, factual allegations, or anything other than a boilerplate recitation of uncertainty and imprecision. It is unclear how there can be any "contributory" misconduct when no misconduct has been alleged by the Plaintiff. There is no explanation of how this can possibly be a defense to the statutory basis to quiet title.

4. "Unclean hands." (dkt #8 at Page 3 line 15)

Once again, this statement is devoid of all context, factual allegations, or anything other than a boilerplate recitation of uncertainty and imprecision. Quiet Title is an action at law, not equity, so it is unclear how Unclean Hands can be a proper affirmative defense.

5. "Failure to mitigate damages." (dkt #8 at Page 3 line 16)

The Plaintiff has not alleged any tort, nor a breach of contract. The Plaintiff is not seeking monetary damages, only declaratory relief, so there are necessarily no damages to be mitigated. Also, it is nonsensical to argue that the Plaintiff should have taken action to prevent the statute of

---

[3] For example, simply asserting the doctrines of "waiver, estoppel, laches…and unclean hands" is insufficient to maintain an affirmative defense. *Kohler*, 291 F.R.D. 464, 470 ("these statements are insufficient to provide fair notice").

PLAINTIFF'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES - 7

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

limitations from running.

     6. <u>"Failure to state a cause of action." (dkt #8 at page 3 line 16)</u>

Quiet Title is a statutory cause of action, all of the elements of which are laid out in the complaint. This "affirmative defense" is meaningless boilerplate. Also see #7 below.

     7. <u>"Failure to state a claim per CR 12(b)(6)." (dkt #8 at page 3 line 17)</u>

As with the first "affirmative defense" above, this defense under CR 12(b)(6) must be raised by motion prior to filing an Answer; axiomatically it cannot form the basis of an Answer. CR 12(b) ("A motion making any of these defenses shall be made before pleading.") As there was no such motion, this is not a proper "affirmative defense" and must be stricken.

     8. <u>"Failure to join a necessary party per CR 12(b)(7)" (dkt #8 at page 3 line 18)</u>

Much like in *Qarbon.com Inc.*, *supra*, the Defendant "simply refers to the doctrines without setting forth the elements of its affirmative defenses." 315 F.Supp.2d at 1050. Defendants have not identified who this third party could be, now why they are necessary to this litigation. Nor have they alleged any facts that would indicate a third party is necessary to this litigation. This is more meaningless boilerplate that should be stricken.

     9. <u>"Compliance with contract and law." (dkt #8 at page 3 line 19)</u>

Plaintiff has not alleged breach of contract or any law. Plaintiffs are unclear what these "defenses" mean or how they relate to this case. It isn't clear how this relates to Plaintiffs' claims, and to the extent any seeks to negate liability, then it is, by definition, not an affirmative defense. *See Schwarz v. Meinberg*, 2016 WL 4011716, at *5 (C.D. Cal. July 15, 2016) ("This allegation seeks to negate liability rather than plead a matter extraneous to Plaintiff's claims. Therefore, this is not an affirmative defense.").

PLAINTIFF'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES - 8

**HENRY & DEGRAAFF, P.S.**
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

10. "No proximate cause." (dkt #8 at page 3 line 20)

Plaintiff has not alleged any negligence claims, therefore this affirmative defense is inapplicable and should be stricken.

11. "Unjust Enrichment" (dkt #8 at page 3 line 21)

The Defendants have alleged no facts which indicate any party has been or would be unjustly enriched by quieting title in Plaintiff's favor. If this defense were valid, it would render meaningless the statute of limitations imposed by Washington's legislature.

12. "No damages from conduct alleged in the claims." (dkt #8 at page 3 line 21)

Plaintiff has not alleged any damages; this defense is therefore inapplicable.

13. "Absence of fault." (dkt #8 at page 3 line 22)

Fault is not an element of the Plaintiff's cause of action, has not been alleged, and is irrelevant to this case.

14. "Assumption of the risk." (dkt #8 at page 3 line 23)

This is a common law defense to negligence actions, and as Plaintiff has not alleged negligence, it is irrelevant here. This defense should therefore be stricken.

15. "No act or omission was a substantial factor in causing harm." (dkt #8 at page 3 line 24)

Again, no damages have been alleged, no negligent conduct has been alleged, and no act or omission has been alleged. This defense is irrelevant to the Plaintiff's cause of action and should therefore be stricken.

//

//

AFFIRMATIVE DEFENSES - 9

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

## II. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that this Court strike Defendants' affirmative defenses.

Dated this 26th day of April, 2018.

*/s/ Christina L Henry*
Christina L Henry, WSBA #31273
Henry & DeGraaff, PS
150 Nickerson St, Ste 311
Seattle, WA 98109
T: 206-330-0595/ F: 206-400-7609
chenry@hdm-legal.com

Vincente Omar Barraza, WSBA # 43589
BARRAZA LAW, PLLC
14245 Ambaum Blvd SW
Burien, WA 98166
Telephone: 206-933-7861
Facsimile: 206-933-7863

PLAINTIFF'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES - 10

**HENRY & DEGRAAFF, P.S.**
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609