UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUGO MACIAS TORRES aka
HUGO MACIAS,

            Plaintiff,

v.

SN SERVICING CORPORATION,
and NP162, LLC,

           Defendants.

C18-380 TSZ

MINUTE ORDER

    The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

    (1) Plaintiff brought this action under state law, namely RCW 7.28.300, to quiet title, alleging diversity jurisdiction. *See* Compl. (docket no. 1). The Complaint, however, fails to allege sufficient jurisdictional facts to establish complete diversity. The Court has twice directed defendant NP162, LLC to provide information from which its citizenship can be determined. *See* Minute Orders (docket nos. 13 & 15). The Court is still not satisfied with NP162, LLC's disclosures. NP162, LLC has indicated that it has three members, each of which is a limited liability company ("LLC"). Corp. Discl. Stmt. (docket no. 14). NP162, LLC has also provided an uncaptioned, unsigned document disclosing that (i) one of its members, Prospect Mountain Capital, LLC ("Prospect"), has as its sole member a trust, namely the BNS Family Irrevocable Grantor Trust; (ii) another of its members, Shelving Rock Capital, LLC ("Shelving Rock"), has as its sole member an individual residing in Florida; and (iii) yet another member, SRP 2016-E, LLC, is comprised of two LLCs, namely Prospect and Shelving Rock, five individuals who reside in either Connecticut or New York, and two Individual Retirement Accounts ("IRAs"). Schedule of States of Formation and Residency (docket no. 16). Within twenty-eight (28) days of the date of this Minute Order, NP162, LLC shall file an amended corporate

MINUTE ORDER - 1

disclosure statement, **signed by counsel of record**, that identifies (i) all members of NP162, LLC, (ii) all owners, members, or beneficiaries of any member (or any member of a member, or any member of a member of a member, and so forth) of NP162, LLC that is itself an LLC, a trust, a partnership, an association, or some other non-corporate entity, and (iii) the citizenship of each disclosed owner, member, and beneficiary. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that LLCs, like partnerships, are citizens of every state in which their owners or members are citizens); *see also* *GBForefront, L.P. v. Forefront Mgmt. Group, LLC*, 888 F.3d 29, 37-41 (3d Cir. 2018) (distinguishing between a traditional trust, the citizenship of which is based on the citizenship of each trustee, and a business trust, the citizenship of which is based on the citizenship of each constituent owner, member, or beneficiary (citing *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016))). In addition, in its amended corporate disclosure statement, NP162, LLC shall (i) describe the structure of the IRAs listed as members of SRP 2016-E, LLC, and (ii) identify the law under which the IRAs are authorized to act and/or capable of acting as members of an LLC. Absent a timely and satisfactory response to this Minute Order, the Court will consider imposing appropriate sanctions.

    (2)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 7th day of August, 2018.

                            William M. McCool
                            Clerk

                            s/Karen Dews
                            Deputy Clerk